**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**AHMED J. ALSHABOOT,
ALIEN # A29-217-936,**

    **Petitioner,**

vs.                          **Case No. 4:08cv220-RH/WCS**

**MICHAEL B. MUKASEY,
ATTORNEY GENERAL OF THE
UNITED STATES, et al.,**

    **Respondents.**

    _____/


**REPORT AND RECOMMENDATION**

Petitioner, proceeding *pro se*, filed a petition seeking a writ of habeas corpus under § 2241[1] on May 12, 2008, doc. 1, and service was directed, doc. 3.  Respondents have now filed Petitioner simultaneously paid the filing fee.

Respondents have now filed a motion to dismiss, doc. 7, asserting that the petition is moot and no longer presents a case or controversy because Petitioner was released from custody on June 17, 2008.  Because the motion, doc. 7, and the

---

[1] Petitioner alleged having been ordered removed to Iraq, the country of his birth, on November 14, 2007, but being held in indefinite detention because he could not be removed.  Doc. 1.  Petitioner does not challenge the validity of the removal order, only his indefinite detention under <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001).  *Id*.

attachment demonstrates Petitioner was released to an order of supervision, the case should be appropriately dismissed as moot.

Another reason for dismissal is the fact that Petitioner has abandoned this litigation. Petitioner should have notified the Court of his release and change of address, but did not do so. There is obviously no longer a case or controversy between the parties.

Accordingly, this § 2241 petition is moot because the relief requested by Petitioner, release from detention, was granted. Petitioner is no longer in custody and there is nothing left to do.

In light of the uncontested assertion by Respondents, it is respectfully **RECOMMENDED** that the § 2241 petition be **DISMISSED as moot**.

**IN CHAMBERS** at Tallahassee, Florida, on August 28, 2008.


　　　s/　　William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.